# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| YIWU BAIMEI ELECTRONIC COMMERCE CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," <br><br> Defendant. | Case No.: |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, Yiwu Baimei Electronic Commerce Co., Ltd., a Chinese limited liability company, ("Plaintiff" or "Baimei"), brings this Complaint against The Individuals, Partnerships, and Unincorporated Associations Identified on Schedule "A" (hereinafter, collectively, "Defendant") who are promoting, selling, offering for sale and distributing goods utilizing a series of designs covered by Plaintiff's eight (8) U.S. Federal Copyright Registrations Nos. VA 2-270-357, VA 2-270-532, VA 2-270-548, VA 2-270-545, VA 2-270-544, VA 2-270-547, VA 2-270-546, VA 2-265-759 (hereinafter referred to collectively as "the Hollow Halloween Works"). *See* composite Exhibit One. Defendant is promoting, selling, offering for sale and distributing their products throughout this district utilizing Plaintiff's registered designs on various Internet based e-commerce stores using the seller identities as set forth on Schedule "A" (hereinafter referred to collectively as "Seller IDs"). In support of its claims, Plaintiff alleges as follows:

## SUBJECT MATTER JURISDICTION

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. §1338(a) and 28 U.S.C. § 1331-1332.

## PERSONAL JURISDICTION

2. Defendant is subject to personal jurisdiction in the Northern District of Illinois because it purposefully directs its activities toward and conducts business with consumers throughout the United States, including within the State of Illinois and the Northern District of Illinois, operating under at least the Seller IDs on the internet based e-commerce stores accessible in Illinois.

3. Defendant is subject to personal jurisdiction in this judicial district because it has purposefully directed some portion of its illegal activities towards consumers in the State of Illinois through the advertisement, offer to sell, sale, and/or shipment of goods utilizing Plaintiff's federally registered Hollow Halloween Works in Illinois and Plaintiff's claims arise out of those activities.

4. Alternatively, Defendant is subject to personal jurisdiction in this District pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) defendant is not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

## VENUE

5. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(3) because Defendant is subject to the Court's personal jurisdiction and not a resident in the United States and therefore there is no District in which an action may otherwise be brought.

6. Venue is proper in this court pursuant to 28 U.S.C. § 1391 since Defendant is, upon information and belief, an alien engaged in infringing activities and causing harm within this district by advertising, offering to sell, selling and/or shipping products depicting Plaintiff's registered designs to consumers into this District.

7. Venue is proper in this court pursuant to 28 U.S.C. §1400(a) because Defendant or its agents are subject to the Court's personal jurisdiction and therefore reside in this District or may be found here.

## INTRODUCTION

8. This action is filed by Plaintiff to combat online copyright infringers who trade upon Plaintiff's reputation, goodwill and valuable copyrights by selling and/or offering for sale products utilizing unauthorized and infringing designs of Plaintiff's federally registered Hollow Halloween Works.

9. Between August and October of 2021, Plaintiff registered eight (8) Halloween theme product designs with the United States Copyright Office.

10. Each of the eight (8) Copyright Registrations are valid, subsisting, and in full force and effect.

11. Defendant attempts to avoid liability by going to great lengths to conceal both their identities, including the full scope and inner workings of their illegal operations. Plaintiff is forced to file this action to combat Defendant's acts of copyright infringement. Plaintiff is and continues to be irreparably damaged through consumer confusion, loss of control over creative content and garnishment of its valuable copyrights as a result of Defendant's actions. Plaintiff seeks injunctive and monetary relief against such acts of the Defendant.

# THE PLAINTIFF

12. Plaintiff Yiwu Baimei Electronic Commerce Co., Ltd. is a Chinese limited liability company having its principal place of business at Rm. 206, Unit 6, Bldg. 9, Xijingyuefu, Yi Wu, Zhejiang Province, China.

13. Plaintiff is the owner of all rights, titles and interests in and to the Hollow Halloween Works referred to in Exhibit One. The registrations are valid, subsisting, unrevoked and uncanceled. The registrations of the Hollow Halloween Works constitute *prima facie* evidence of its validity and the Plaintiff's exclusive right to use the Hollow Halloween Works, pursuant to 17 U.S.C. § 410(c).

14. Since 2019, Plaintiff has utilized the Hollow Halloween Works in connection with the advertisement, marketing and sale of retail jewelry in interstate and foreign commerce, including commerce in the State of Illinois and the Northern District of Illinois.

15. Plaintiff utilizes the Hollow Halloween Works in connection with the advertisement, marketing and sale of retail jewelry as depicted in the Hollow Halloween Works, through Walmart and other authorized sellers.

16. Plaintiff has expended substantial time, money and other resources developing, advertising and otherwise promoting the image series in the Hollow Halloween Works.

17. Due to Plaintiff's persistent marketing efforts utilizing the Hollow Halloween Works, sales of the items depicted in the Hollow Halloween Works have been significant with sales globally, including but not limited to the United States, the United Kingdom, and Canada.

18. Plaintiff began utilizing the Hollow Halloween Works in 2019 and has confirmed sales of the items depicting the Hollow Halloween Works.

19. Revenues and profits generated through utilization of the Hollow Halloween Works to market the items depicted therein have been significant.

20. Each image contained in the Hollow Halloween Works has independent economic value and has generated revenue as depicted and utilized in the sale and distribution of retail goods.

21. Plaintiff controls the content, designs, and images displayed in the Hollow Halloween Works.

22. The Hollow Halloween Works have never been transferred, assigned or licensed to the Defendant in this matter.

**THE DEFENDANT**

23. Defendant has the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

24. Defendant is an individual and business who conducts and engages in business throughout the United States, including within Illinois and in this Judicial District, through the operation of the fully interactive commercial websites and online marketplaces identified in Schedule "A". Each Defendant targets the United States, including Illinois, and has solicited, marketed, promoted, and advertised their products in a manner that violates Plaintiff's rights in its federally protected Hollow Halloween Works.

25. While the Defendant's true identity and location are now unknown to Plaintiff, upon information and belief, Defendant is an individual and/or business entity who resides in the People's Republic of China or another foreign jurisdiction. Defendant has employed tactics to conceal its identity and the full scope of its infringing activities. Consequently, it is virtually impossible for Plaintiff to learn Defendant's true identity and the exact inner workings of its

network. In the event that Defendant provides additional credible information regarding its identity, Plaintiff will take appropriate steps to amend the Amended Complaint.

26. Notwithstanding the lack of precise information, it is well-established that e-commerce sales, including through e-commerce stores like those of Defendant, have resulted in a sharp increase in the shipment of unauthorized products into the United States. *See* Exhibit Two, Fiscal Year 2018 U.S. Customs and Border Protection (hereinafter referred to as "CBP") Intellectual Property Seizure Statistics Report. Over 90% of all CBP intellectual property seizures were smaller international mail and express shipments (as opposed to large shipping containers). *Id.* Over 85% of CBP seizures originated from mainland China and Hong Kong. *Id.*

27. Further, third party service providers like those used by Defendant do not adequately subject new sellers to verification and confirmation of their identities, allowing counterfeiters to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms." *See* Exhibit Three, Daniel C.K. Chow, Alibaba, Amazon, and Counterfeiting in the Age of the Internet, 40 NW. J. INT'L L. & BUS. 157, 186 (2020); *see also* report on "Combating Trafficking in Counterfeit and Pirated Goods" prepared by the U.S. Department of Homeland Security's Office of Strategy, Policy, and Plans (Jan. 24, 2020), attached as Exhibit Four. Since these platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, infringers can have many different profiles that can appear unrelated even though they are commonly owned and operated. *See* Exhibit Four at 39.

28. On information and belief, Defendant has engaged in fraudulent conduct when registering its internet stores by providing false, misleading and/or incomplete information to Internet based e-commerce platforms. On information and belief, Defendant has anonymously

registered and maintained Defendant Internet Store to prevent discovery of their true identities and the scope of their counterfeiting and infringement network.

29. On information and belief, Defendant regularly registers or acquires new seller aliases for the purpose of offering for sale and selling the products with Plaintiff's designs. Such seller alias registration patterns are one of the many common tactics used by the Defendant to conceal its identity, the full scope and inner workings of its counterfeiting and infringing operations. The concealment of such acts is for the Defendant to avoid being shut down.

30. Infringers and counterfeiters such as Defendant typically operate under multiple seller aliases and payment accounts so that they can continue operation in spite of Plaintiff's enforcement efforts. On information and belief, Defendant maintains off-shore bank accounts and regularly moves funds from their financial accounts to off-shore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to Plaintiff. Indeed, analysis of financial transaction logs from previous similar cases indicates that off-shore infringers regularly move funds from U.S.-based financial accounts to off-shore accounts outside the jurisdiction of this Court.

31. On information and belief, Defendant, without any authorization or license from Plaintiff, knowingly and willfully used and continues to use the Hollow Halloween Works in connection with the advertisement, distribution, offering for sale, and sale of products over the internet in the United States and Illinois.

32. In sum, Plaintiff's investigation shows that the telltale signs of an illegal infringement ring are present in the instant action. For example, Schedule A shows the use of the store name by the Defendant that has the appearance of being fabricated. Even if a company name appears to be legitimate, a review of the Defendant Internet Store reveals vague or non-existent

company description and description of company purpose. Thus it can be deduced that the Defendant Internet Store is using a fake online storefront.

33. Defendant's unauthorized advertising, marketing, offering for sale, and displaying of the Hollow Halloween Works, throughout the United States, including Illinois, is irreparably harming Plaintiff.

## THE DEFENDANT'S UNLAWFUL CONDUCT

34. Plaintiff's success in utilizing the Hollow Halloween Works to market and promote the sale of the retail items depicted therein has resulted in widespread infringement. Plaintiff has identified numerous domain names linked to marketplace listings on e-commerce platforms hosting the Defendant Internet Store, which was offering, marketing, soliciting, and advertising to consumers in this Judicial District and throughout the United States in a manner that violates Plaintiff's exclusive copyrights in the Hollow Halloween Works.

35. Upon information and belief, Defendant facilitates sales by designing the Seller ID with photographs, depictions, and details of items for retail sale either identical or substantially similar to the Hollow Halloween Works. Defendant's Seller ID accepts payment in U.S. dollars via credit cards and/or PayPal.

36. Defendant solicits, markets, and advertises its products in depictions, presentations, photographs, and/or images that are identical or substantially similar to Plaintiff's protected Hollow Halloween Works.

37. Defendant goes to great lengths to conceal its identity. For example, to avoid detection, Defendant registers its online stores using names and physical addresses that are incomplete, contain randomly typed letters, or fail to include cities or states. Upon information and belief, Defendant regularly creates new websites and online marketplace accounts on various

platforms using the Seller ID listed in Schedule "A" to the Complaint, as well as other unknown fictitious names and addresses. Such registration patterns are one of many common tactics used by Defendant to conceal its identity, the full scope and inner workings of its network in order to avoid being shut down.

38. Defendant in this case, and defendants in similar online copyright infringement cases, uses a variety of other common tactics to evade enforcement efforts. For example, pirating copyright infringers like Defendant will often register new domain names or online marketplace accounts under new aliases once they receive notice of a lawsuit by deleting or modifying registration data, it will result in spoliation of evidence and other evidence showing identity of the infringers and the infringing acts.

39. Further, pirating copyright infringers such as Defendant, typically operate multiple credit card merchant accounts or third party payment processors, including but not limited to PayPal accounts, behind layers of payment gateways so that they can continue operation in spite of Plaintiff's enforcement efforts.

40. Defendant, without any authorization or license from Plaintiff, has knowingly and willfully used and continues to use Plaintiff's Hollow Halloween Works in products depicted in the advertisements, displays, distribution and offers for sale on its internet store. The Defendant's online store offers shipping to the United States, including Illinois and Defendant has offered to sell retail items into Illinois and this District utilizing unauthorized copies of Plaintiff's Hollow Halloween Works.

41. Defendant's use of unauthorized copies of the Hollow Halloween Works in connection with the advertising, distributing, offering for sale, and selling of the retail products causes irreparable harm to Plaintiff.

# COUNT ONE:
# COPYRIGHT INFRINGEMENT
# PURSUANT TO 17 U.S.C §101 ET SEQ.

42. Plaintiff incorporates the allegations of paragraphs 1 through 41 of this Complaint as if fully set forth herein.

43. Plaintiff has complied in all respects with the Copyright Act of the United States and all other laws governing copyright and secured the exclusive rights and privileges in and to the copyrights at issue in this action.

44. Pursuant to 17 U.S.C. § 411 (a), Plaintiff registered its copyrights for the designs in the Hollow Halloween Works in connection with the advertising, marketing, offering for sale and the distribution of retail products, specifically jewelry. The registrations for the Hollow Halloween Works are valid, subsisting, unrevoked and uncanceled.

45. Defendant directly infringed one or more of Plaintiff's exclusive rights in its federally registered Hollow Halloween Works under 17 U.S.C. § 106.

46. Defendant copied, displayed, utilized and distributed Plaintiff's copyright protected Hollow Halloween Works and/or prepared derivative works based upon Plaintiff's copyright protected Hollow Halloween Works in violation of Plaintiff's exclusive rights under 17 U.S.C. §106(1), (2) and/or (5).

47. Defendant's conduct constitutes willful and direct copyright infringement of Plaintiff's copyright protected Hollow Halloween Works.

48. Defendant profited from the direct infringement of Plaintiff's exclusive rights in the Hollow Halloween Works under the Copyright Act.

49. Defendant's infringement is not only limited to the acts constituting copyright infringement listed above. Plaintiff will identify such additional infringement after discovery.

50. On information and belief, there is a business practice of infringement by Defendant.

51. On information and belief, Defendant routinely and intentionally infringes the intellectual property rights of others, including but not limited to, acting with willful, wanton and/or reckless disregard of the intellectual property rights of others.

52. Plaintiff has been damaged by the Defendant's acts of copyright infringement.

53. The harm to Plaintiff is irreparable.

54. Plaintiff is entitled to temporary and permanent injunctive relief from Defendant's willful infringement.

55. As a result of Defendant's infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to actual and/or statutory damages, including any profits obtained by Defendant attributable to the infringements, pursuant to 17 U.S.C. §504 for Defendant's infringement of the Hollow Halloween Works.

56. Plaintiff is entitled to recover its reasonable costs and attorneys' fees incurred in prosecuting this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1) That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for and in behalf of, with, by, through, under, or in concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a. using Plaintiff's copyrighted works in marketing, advertising, soliciting, or displaying, derivative or directly, which is not directly authorized by Plaintiff;

b. further infringing on the Hollow Halloween Works;

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendant and those with notice of the injunction, including, without limitation, any online marketplace platform, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, and Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers"), shall:

    a. disable and cease providing services to engage in the advertisements using the Hollow Halloween Works or derivative works thereof;

    b. take all steps necessary to prevent links to the Seller IDs identified in Schedule "A from displaying in search results, including but not limited to, removing links to the Defendant's sites displaying the Hollow Halloween Works from any search index;

3) For Judgment in favor of Plaintiff against Defendant that they have:

    a. willfully infringed Plaintiff's rights in its federally registered copyrights pursuant to 17 U.S.C. §501; and

    b. otherwise injured the business of Plaintiff by Defendant's acts and conduct set forth in this Complaint;

4) Entry of an Order requiring Defendant to account to and pay Plaintiff for all profits and damages resulting from Defendant's copyright infringement, or statutory damages, at Plaintiff's election, for all infringements involved in the action, with respect to any one work, in a sum of not less than $750 or more than $30,000 as the court considers just pursuant to 17 U.S.C. §504(c)(1), or to the extent the court finds that infringement was committed willfully, an award of statutory damages to a sum of not more than $150,000 per violation, pursuant to 17 U.S.C. §504(c)(2);

5) Entry of an award, pursuant to 17 U.S.C. § 505, of Plaintiff's costs and reasonable attorneys' fees and investigative fees, associated with bringing this action;

6) Entry of an Order that, upon Plaintiff's request, Defendant and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Seller IDs, or other alias seller identification or ecommerce store names used by Defendant presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s) and remain restrained until such funds are surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein;

7) Entry of an award of prejudgment interest on the judgment amount;

8) Entry of an Order for any further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 10th of December, 2025.

> _/s /L. Ford Banister, II_
> L. Ford Banister, II
> Bar No. 5446539
> Ford Banister LLC
> 305 Broadway – Floor 7
> New York, NY 10007
> Telephone: +1 (212) 500-3268
> Email: ford@fordbanister.com
> *Attorney for Plaintiff*