# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Yiwu Baimei Electronic Commerce Co., Ltd., <br><br> Plaintiff, <br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, <br><br> Defendants. | CASE NO. 1:25-cv-14961 <br><br> **Judge Jorge L. Alonso** <br><br> **Magistrate Judge Jeffrey T. Gilbert** |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION

Without waiving its jurisdictional defenses under Rule 12(b), Defendant MOHAO Co.Ltd ("Defendant"), by and through its undersigned counsel, respectfully submits its Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction. [Dkt. No. 24].

## INTRODUCTION

Contrary to Plaintiff's claim, a preliminary injunction against Defendant is neither necessary nor appropriate in the present case.

***First***, Plaintiff cannot establish a likelihood of success because this Court lacks personal jurisdiction over Defendant. Defendant has moved to dismiss for lack of personal jurisdiction [Dkt. No. 32], supported by declaration showing that Defendant made no sales of the accused products or ship into Illinois. Since Defendant has never sold or shipped the accused products to Illinois, jurisdiction cannot be established. Therefore, Plaintiff cannot demonstrate success on the merits, and the injunction should be denied at the threshold.

***Second***, Plaintiff cannot show irreparable harm. Plaintiff delayed more than one year after obtaining screenshots of the alleged infringement before seeking injunctive relief. Such delay undermines any claim of urgency or irreparable harm.

Moreover, Defendant's Walmart seller account had been terminated months before Plaintiff sought its motion, and the accused product listing has been removed. With no ongoing business operations and no continuing availability of the allegedly infringing product, there is no imminent harm to enjoin.

Further, Defendant was merely a "piggyback seller" under existing Walmart listings. It neither created nor edited the now-removed product listings. Defendant also agreed not to offer, list, or sell any allegedly infringing products, further negating any claim of irreparable harm.

***Third***, compounding these factors is that Defendant had zero revenue from sales of the accused products, yet Plaintiff seeks to freeze the entirety of Defendant's funds. The well-settled precedent in this District and by the Supreme Court dictates that prejudgment asset freezes should be limited to the amount necessary to protect a genuine claim for equitable monetary relief. Here, any equitable accounting would be zero. Defendant has thus far been effectively barred from accessing its business revenue, even though no connection exists between the restrained funds and the alleged infringement.

## PROCEDURAL BACKGROUND

On December 10, 2025, Plaintiff filed its Complaint, alleging that all defendants identified in Schedule "A," including Defendant, infringed on Plaintiff's copyright. [Dkt. No. 1].

On December 17, 2025, Plaintiff filed a motion for entry of a temporary restraining order including a Temporary Injunction, and a Temporary Asset Restraint ("TRO") against the Schedule "A" defendants. [Dkt. No. 12].

On January 16, 2026, the Court entered a sealed TRO. [Dkt. No. 18].

On February 10, 2026, Plaintiff filed a Motion for Preliminary Injunction. [Dkt. No. 24].

## LEGAL STANDARDS

A "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

"A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008); *Amoco Production Co. v. Gambell*, 480 U.S. 531, 542 (1987); *Weinberger v. Romero–Barcelo*, 456 U.S. 305, 311–312 (1982)).

The first two factors are the "most critical." *Nken v. Holder*, 556 U.S. 418, 434 (2009). If both are present, a court then balances all four factors. *Id*. In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24 (quoting *Amoco Production Co.*, 480 U.S., at 542).

## ARGUMENTS

### A. Plaintiff cannot establish a likelihood of success because this Court lacks personal jurisdiction over Defendant

As a threshold matter, Defendant has challenged this Court's exercise of personal jurisdiction over it with respect to the alleged infringement. *See* Defendant's Motion to Dismiss for Lack of Personal Jurisdiction [Dkt. No. 32]. Defendant's evidentiary submissions establish that Defendant made no sales of the accused products at all. *Id*. Accordingly, because Plaintiff has not presented any evidence demonstrating that Defendant sold or shipped the accused products into the forum state, personal jurisdiction cannot be established.

"[F]or a 'preliminary injunction to be valid,' the district court that issues it must 'have personal jurisdiction over the defendant.'" *Unicolors, Inc. v. Shewin Flagship Shops*, No. 1:24-CV-2987, 2024 U.S. Dist. LEXIS 193461, at *23 (N.D. Ill. Oct. 24, 2024) (quoting *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014); citing *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 598 (7th Cir. 2007)); *accord. United States v. Kirschenbaum*, 156 F.3d 784, 795 (7th Cir. 1998)); *see also Alahverdian v. Nemelka*, No. 3:15-cv-060, 2015 U.S. Dist. LEXIS 21266, at *3 (S.D. Ohio Feb. 23, 2015) ("Inherent in showing a substantial likelihood of success on the merits is a showing that Plaintiff could defeat a lack of personal jurisdiction defense.") (citing *Catalog Marketing Services, Ltd. v. Savitch*, 1989 U.S. App. LEXIS 22172, 1989 WL 42488, *2 (4th Cir. 1989) ("Generally a plaintiff must only make a prima facie showing of personal jurisdiction to defeat a motion to dismiss for lack of personal jurisdiction,... however, when injunctive relief is sought, a stronger showing must be made. ...[W]hen a preliminary injunction is requested, the plaintiff must demonstrate "that there is at least a reasonable probability of ultimate success upon the question of jurisdiction when the action is tried on the merits."); *Visual Sciences, Inc. v. Integrated Communications, Inc.*, 660 F.2d 56, 58 (2d Cir. 1981); *Enterprise International, Inc. v.*

*Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 471 (5th Cir. 1985); *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991)).

Accordingly, because Plaintiff has not established that this Court has personal jurisdiction over Defendant, Plaintiff's request for a preliminary injunction should be denied at the outset.

**B. Plaintiff's prolonged delay in seeking injunctive relief and the termination of Defendant's Walmart seller account demonstrate a lack of irreparable harm**

The Supreme Court has made clear that "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "A plaintiff's delay in bringing suit undercuts its claim of irreparable harm." *High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 49 F.3d 1551, 1557 (Fed. Cir. 1995).

The Seventh Circuit recognizes that Plaintiff's delay, when coupled with speculative harm, weighs heavily against the entry of injunctive relief. *See Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 903 (7th Cir. 2001) (noting that delay in seeking injunctive relief weakens claims of irreparable harm); *see also Collectanea J. Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 24 C 3821, 2024 U.S. Dist. LEXIS 195756, *21 (N.D. Ill. Oct. 29, 2024) (citing *Michigan v. U.S. Army Corps of Eng'rs*, 667 F.3d 765, 788 (7th Cir. 2011)) (the "irreparable harm [inquiry] takes into account how urgent the need for equitable relief really is."); *Ixmation, Inc. v. Switch Bulb Co.*, No. 14 C 6993, 2014 U.S. Dist. LEXIS 150787, 2014 WL 5420273, at *7-8 (N.D. Ill. Oct. 23, 2014) (<u>*four-and-a-half month delay*</u> precluded finding of irreparable harm); *Silber v. Barbara's Bakery, Inc.*, 950 F. Supp. 2d 432, 441 (E.D.N.Y. 2013) (<u>*five-month delay*</u> in seeking preliminary injunction after filing suit indicated that the plaintiff faced no threat of irreparable harm because it "undermine[d] the sense of urgency that typically accompanies a motion for preliminary injunction"); *Playboy Enters. Inc. v. Netscape Commc'n.s*

*Corp.*, 55 F. Supp. 2d 1070, 1090 (C.D. Cal. 1999) (finding that a *five-month delay* in seeking injunctive relief demonstrated a lack of irreparable harm).

**First**, the screenshot evidence purporting to show Defendant's alleged infringement was taken on September 24, 2024. *See* [Dkt. No. 32-1]. Yet Plaintiff did not seek injunctive relief until more than one year later, on December 17, 2025 [Dkt. No. 12]. This unexplained and substantial delay in time forecloses any claim of genuine "irreparability" or urgent need.

**Second,** "as a general rule, a defendant's ability to compensate plaintiff in money damages precludes issuance of a preliminary injunction." Equip. Leasing Grp. of Am., LLC v. Pure Midstream, LLC, No. 1:23-cv-16099, 2024 U.S. Dist. LEXIS 183151, *18 (N.D. Ill. Oct. 7, 2024) (citing Signode Corp. v. Weld-Loc Systems, Inc., 700 F.2d 1108, 1111 (7th Cir.1983)). When "there is no threat of ongoing harm from Defendants," the relief sought is monetary, rather than injunctive. Phillips v. Ellis, No. 2:24-cv-00235-JRS-MKK, 2024 U.S. Dist. LEXIS 223951, *3 (S.D. Ind. Dec. 11, 2024).

Here, Defendant's Walmart seller account was terminated on October 20, 2025, well before Plaintiff sought for any injunction relief. As a result, there is no continuing business operation by Defendant and thus no continuing harm that requires an injunction.

**Lastly**, the specific Walmart product listing has been removed. Defendant, who was a "piggyback seller" offering products under existing Walmart product listings, did not create or edit the now-discontinued listing to include Plaintiff's copyright, and therefore cannot continue to offer any allegedly infringing product.

Therefore, with no credible threat of ongoing or future infringement, a preliminary injunction is neither necessary nor appropriate. This conclusion is further underscored by Plaintiff's protracted delay in moving for injunctive relief after it first obtained evidence of the alleged infringement.

In short, Defendant no longer has operational Walmart seller account, and the relevant listing has been removed—making it impossible for Defendant to continue any infringing activity. Because Plaintiff fails to demonstrate any ongoing or imminent harm, it does not meet its burden for extraordinary relief, and its request for a preliminary injunction should therefore be denied.

### C. The restrained amount far exceeds any profits potentially subject to equitable relief

The Supreme Court has made clear that courts lack the power to issue an asset freeze at the beginning of a case, unless that party is seeking *equitable monetary relief*. *See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999).

"[T]he appropriate scope of prejudgment restraint must be limited only to what is reasonably necessary to secure the (future) *equitable relief*." *Roadget Bus. Pte. Ltd. v. Individuals, Corp., LLC*, 735 F. Supp. 3d 981, 983 (N.D. Ill. 2024) (quoting *Deckers Outdoor Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 13-cv-07621, 2013 U.S. Dist. LEXIS 205985, at *2 (N.D. Ill. Oct. 31, 2013)). Thus, "if the amount of the profits is known, then the asset freeze should apply only to that specific amount, and no more." *Id*.

"Schedule A plaintiffs typically don't request and receive equitable monetary relief," and "Schedule A plaintiffs ask district courts to unfreeze the [restrained] money and award statutory damages, not equitable relief." *Zorro Prods., Inc. v. Individuals*, No. 23-cv-5761, 2023 U.S. Dist. LEXIS 226550, at *10 (N.D. Ill. Dec. 20, 2023).

Here, Defendant made no sales of the accused Product. *See* Declarations in Support of Defendant's Motion to Dismiss, [Dkt. No. 32-2]. By contrast, Plaintiff has demanded an asset freeze that restrains all funds in Defendant's account —a sum that currently stands at USD $18,900.40 —despite no showing that such a sweeping freeze is necessary to secure the limited

equitable remedy Plaintiff purports to seek for copyright infringement under 17 U.S.C. § 504(b). This overreach runs counter to well-established precedent limiting prejudgment restraints to amounts reasonably necessary to cover potential equitable relief.

Since Defendant's profit from the alleged infringement is nonexistent, restraining significantly greater amounts is disproportionate and imposes an unfair burden on Defendant. The practical effect of Plaintiff's request is a *de facto* seizure of Defendant's entire business revenue—even though none of frozen funds has any nexus to the alleged infringement.

Defendant acknowledges that the search was conducted based on the specific allegations and the items identified in Plaintiff's submissions. If Plaintiff later alleges that Defendant sold additional accused products not presently identified, Defendant will undertake supplemental searches to determine whether any such sales occurred. On the current record, however, there is no evidence that Defendant sold or shipped the accused products into Illinois.

Under these circumstances, no basis exists for freezing amounts that far exceed any plausible equitable accounting of profit. Should the Court opt to maintain any asset restraint, the amount should be narrowly tailored to the specific, demonstrated amount of profit, if any, tied to the infringing sales. Anything beyond that would be unwarranted.

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion for Entry of a Preliminary Injunction, and specifically the asset restraint.

Defendant affirms that it will not sell or otherwise offer any of the products alleged by Plaintiff to be infringing during the pendency of this litigation. Accordingly, there is no threat of ongoing or imminent harm justifying injunctive relief, and the requested extraordinary relief should be denied.

February 12, 2026, Respectfully submitted,

/s/ *He Cheng*
He Cheng
Palmer Law Group P.A.
110 East Broward Blvd, Suite 1700
Fort Lauderdale, FL 33301
Tel: +1 (917) 525-1495
Email: rcheng@palmerlawgroup.com
***Attorney for Defendant***