# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| YIWU BAIMEI ELECTRONIC COMMERCE CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," <br><br> Defendants. | Case No.: 25-cv-14961 <br><br> **Judge Jorge L. Alonso** <br><br> **Magistrate Judge Jeffrey T. Gilbert** |

## PLAINTIFF'S UNOPPOSED MOTION TO
## EXTEND THE TEMPORARY RESTRAINING ORDER [DOC. 18]

Plaintiff Yiwu Baimei Electronic Commerce Co., Ltd. ("Plaintiff"), by and through the undersigned counsel, hereby submits its Unopposed Motion to Extend the Temporary Restraining Order [Doc. 18] ("Motion to Extend the TRO") as to Defendant Nos. 54 (Chadusil) and 57 (Dayilier) ("Defendants") until briefing on Plaintiff's Motion for Preliminary Injunction has concluded. In support, Plaintiff submits the following:

### Relevant Background and Procedural History

1. On December 16, 2025, Plaintiff filed its Amended Complaint alleging violations of 17 U.S.C. § 101 et seq. (copyright infringement) against Defendants. [Doc. 7].

2. On December 17, 2025, Plaintiff filed its Motion for Temporary Restraining Order Including a Temporary Injunction and Temporary Asset Restraint. [Doc. 12]. The Court granted this Motion on January 16, 2026. [Doc. 18]. On January 26, 2026, Plaintiff filed its Motion to Extend the TRO. [Doc. 20]. On January 27, 2026, he Court granted this Motion and Extended the TRO through February 13, 2026. [Doc. 21].

3. On February 10, 2026, Plaintiff filed its Motion for Preliminary Injunction ("Motion for PI"). [Doc. 24]. This Motion is pending before the Court.

4. On February 11, 2026, Plaintiff filed Return Summons. [Doc. 26].

5. On February 11, 2026, Defendants appeared in the case through counsel. [Doc. 28].

6. On February 11, Defendants filed a Motion to Set a Briefing Schedule on Plaintiff's Motion for PI. [Doc. 30]. The Court granted this Motion on February 13, 2026. [Doc. 34]. The Court set a deadline of March 4, 2026 for Defendants to file a response to Plaintiff's Motion for Preliminary Injunction. *Id*. Plaintiff's reply to Defendants' response is due March 16, 2026. *Id*.

7. On February 13, 2026, Plaintiff's counsel reached out to Defendants' counsel inquiring as to whether Defendants would object to extending the TRO for the duration of the briefing of Plaintiff's Motion for PI. Defendant's counsel responded the same day, noting Defendants agreed to the extension.

8. Plaintiff now respectfully requests that the Court extend the TRO as to Defendants for the duration of briefing on Plaintiff's Motion for Preliminary Injunction.

## Argument

9. The TRO in the instant case expired on February 13, 2026, which would not permit time for the parties to brief Plaintiff's Motion for Preliminary Injunction [Doc. 24].

10. Federal Rule of Civil Procedure 65(b)(2) provides:

> Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record. The order expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record.

11. Courts have held that while generally, "Rule 65 dictates that under ordinary circumstances a temporary restraining order cannot exceed 14 days, although the court may extend it 'for a like period' for good cause." *H-D Mich., LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827, 843-844 (7th Cir. 2012). Consistent with this, Federal Rule of Civil Procedure 52(a)(2) provides that "[i]n granting or refusing an interlocutory injunction, the court must similarly state the findings and conclusions that support its action." Courts have interpreted this to include circumstances such as difficult service, recognized holidays, and the time for a briefing schedule constitute "good cause" to extend a TRO beyond the standard 28 days. *See Xtria, LLC v. Intern. Ins. All., Inc.*, No. 3:09-CV-2228-G, 2009 WL 4756365, at *5 (N.D. Tex., Dec. 11, 2009); *Samsung Elec. Co. v. Early Bird Savings*, No. 13-CV-3105-BEN (DHB) [Doc. 17] at p. 3 (S.D. Cal. Jan. 27, 2014); *American Systems Consulting Inc. v. Devier,* 514 F.Supp.2d at 1001, 1010 (S.D. Oh. Aug. 28, 2007).

12. This same interpretation has been used by Courts within this District to extend a TRO beyond 28 days for "good cause," including to maintain the status quo during briefing, awaiting a hearing, to accommodate a hearing, and even as a sanction. *Collectanea J. Limited v. The Partnerships and Unincorporated Associations Identified on Schedule "A,"* Case No. 24-cv-5610 (N.D. Ill. —) [Doc. 22] ("Because this extension exceeds the maximum duration for a TRO under FRCP 65(b), this extension 'becomes in effect a preliminary injunction that is appealable, but the order remains effective'.") (Jenkins, J.); *Yiwu Baimei Electronic Commerce Co. Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule "A,"* Case No. 24-cv-2131 (N.D. Ill. July 12, 2024) [Doc. 20] ("Because this extension exceeds the maximum duration for a TRO under Fed. R. Civ. P. 65(b), this extension 'becomes in effect a preliminary injunction that is appealable, but the order remains effective'.") (Cummings, J.); *Yiwu Baimei Electronic*

*Commerce Co. Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule "A,"* Case No. 24-cv-2743 (N.D. Ill. —) [Doc. 25] (Coleman, J.); *Advance Magazine Publishers Inc. v. The Partnerships and Unincorporated Associations Identified on Schedule "A", et al.*, Case No. 1:22-cv-00142 (N.D. Ill. Feb. 16, 2022) [Doc. 39] ("although the Court is reluctant to extend temporary restraining orders beyond the 28 day period set out in Federal Rule of Civil Procedure 65(b)(2), the unusual circumstances here occasioned by the delay in third−parties effectuating the temporary restraining order justifies the extension to and including 2/22/2022.") (J. Alonso).

13. Other courts outside the Seventh Circuit have also shared this interpretation and application of the presumptive 28 day limit. In *Samsung Elec. Co.*, the district court extended the TRO long enough for the plaintiff to serve the overseas Defendants in China. No. 13-CV-3105-BEN (DHB) at p. 3. The district court reasoned that if the length of time to serve a foreign defendant was greater than 28 days, then defendants could simply wait for the TRO to dissolve, which would not be the result "intended by the Federal Rules of Civil Procedure." *Id*. at p. 4. Furthermore, "if a TRO could not be extended in this narrow situation, it would reward defendants who are able to evade proper service and undermine the authority of the courts." *Id*.; *See also S.E.C. v. Unifund Sal*, 910 F.2d 1028, 1034 (2d Cir. 1990) ("Nothing in Rule 65 . . . prevents a district court from continuing a TRO while reserving decision on a motion for preliminary injunction"); *Xtria, LLC v. Intern. Ins. All., Inc.*, No. 3:09-CV-2228-G, 2009 WL 4756365, at *5 (N.D. Tex., Dec. 11, 2009) (finding that good cause existed to extend a temporary restraining order to accommodate discovery and scheduling issues); *American Systems Consulting Inc. v. Devier,* 514 F. Supp. 2d at 1001, 1010 (S.D. Oh. Aug. 28, 2007) ("It would be inequitable for Plaintiff to lose a lawfully obtained injunction issued by the state court simply based on the circumstances of

scheduling issues. The injunction should continue or not based on its merits, not as a result of strategy.").

14. Based on the foregoing, good cause exists in the instant case to apply the TRO until the conclusion of briefing on the Motion for Preliminary Injunction. While Defendants are entitled to be heard, Plaintiff is also entitled to an accounting for profits and protection from irreparable harm and the extension requested is a short duration.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that the Court grant the following relief:

a) That the Court to extend the TRO as to Defendants until briefing on the Motion for Preliminary Injunction is completed; and

b) Any further and additional relief that the Court deems necessary and appropriate.

*/s/ William J. Hausman*
Bar No. 6353083
Ford Banister LLC
305 Broadway - Floor 7
New York NY 10007
Telephone: +1 (212) 500-3268
Fax: +1 (212) 500-3269
Email:whausman@fordbanister.com
*Counsel for Plaintiff*