# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Yiwu Baimei Electronic Commerce Co., Ltd., | )<br>) |
| Plaintiff, | ) Case No.: 1:25-cv-14961 |
| v. | )<br>) Dist. Judge Jorge L. Alonso |
| The Partnerships and Unincorporated Associations Identified on Schedule "A", | )<br>) Mag. Judge Jeffrey T. Gilbert |
| Defendants. | )<br>) |

## Defendants' Motion to Dismiss Under Rule 12(b)(2)

**NOW COME** defendants INSTAKA, Romansa, LWEEIN, Murdoffiu, and Dnna Huang ("Defendants"), by and through their undersigned counsel, and hereby bring this Motion to Dismiss Plaintiff's Amended Complaint [Dkt. 7] against Defendants under Rule 12(b)(2).

## I. Introduction

Plaintiff filed its Amended Complaint on December 16, 2025, alleging that Defendants committed copyright infringement. [Dkt. 7]. The Amended Complaint alleges that Defendants are subject to personal jurisdiction in this court because operate e-commerce storefronts accessible in Illinois and "have purposefully directed some portion of their illegal activities towards consumers in the State of Illinois through the advertisement, offer to sell, sale, and/or shipment of goods utilizing Plaintiff's federally registered Hollow Halloween Works in Illinois and Plaintiff's claims arise out of those activities." [Dkt. 7 at ¶ 3-4]. This representation to the Court is exaggerated and Defendants never sold or shipped a single unit of the accused product to an Illinois resident or Illinois address, or anywhere else. Declaration of Qinghua Liao at ¶ 4, Exhibit A. Accordingly, Plaintiff's assertion that each of the Defendants has purposefully targeted some portion of their allegedly infringing activities towards customers in the state of Illinois and assertions that Plaintiff's claims arise out of those activities is false. [Dkt. 7 at ¶ 4]. Defendants did not purposefully avail themselves to the

jurisdiction of Illinois or this Court's judicial district; accordingly, Defendants respectfully request that this Court dismiss Plaintiff's Amended Complaint against them under Rule 12(b)(2) for lack of personal jurisdiction.

## II. This Court lacks personal jurisdiction over Defendants.

Plaintiff has the burden of establishing personal jurisdiction over a defendant. Tamburo v. Dworkin, 601 F.3d 693, 700 (7th Cir. 2010). This Court's personal jurisdiction exists "only if the defendant had 'certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A., 623 F.3d 440, 443 (7th Cir. 2010) (emphasis added), *quoting*, Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Personal jurisdiction may be general or specific. Purdue Research Found. v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 787 (7th Cir. 2003). Sufficient Minimum contacts do not exist to support this Court's exercise of either general or specific personal jurisdiction over Defendants, accordingly this Court should dismiss Defendants from the lawsuit. Matlin v. Spin Master Corp., 921 F.3d 701, 707 (7th Cir. 2019) (upholding a dismissal under Rule 12(b)(2) where the defendant's alleged conduct/practices never specifically targeted the state of Illinois or the judicial district).

### a. Defendants are not subject to general jurisdiction in Illinois.

General jurisdiction requires a foreign corporation defendant to "have affiliations with the [forum] State [which] are so continuous and systematic as to render [the defendant] essentially at home in the forum State." Daimler AG v. Bauman, 134 S. Ct. 746, 749 (2014). General jurisdiction over Defendants will exist only where their affiliation with Illinois is "so constant and pervasive as to render it essentially at home" here. This is a fairly high standard requiring a great amount of contacts. Jamik, Inc. v. Days Inn of Mount Laurel, 74 F. Supp. 2d 818, 822 (N.D. Ill. 1999) (declining general jurisdiction over individual defendants who, in their affidavit, stated among other

things: (i) they had never lived in Illinois; (ii) they have never done business in Illinois; (iii) they had never had an office in Illinois; (iv) they had never owned property in Illinois; (v) they had never been liable for taxes in Illinois; and (vi) they had never advertised, held a telephone listing or bank account in Illinois as individuals or for the hotel defendant). Applying these factors here, general jurisdiction is manifestly lacking for Defendants, as Defendants operate solely at addresses in China never owned, leased, or utilized an office in Illinois and never advertised, held a telephone listing, or maintained a bank account in Illinois, nor has Defendant had any agents, employees, or contractors in Illinois. Liao Decl. at ¶ 3. Plaintiff also does not allege any facts establishing any pervasive or otherwise constant affiliation with Illinois and rely almost solely the fact that Defendants' storefronts are accessible in Illinois to show sufficient contacts, however this is insufficient to establish general jurisdiction. Kipp v. Ski Enter. Corp. of Wisc., 783 F.3d 695, 699 (7th Cir. 2015) (holding that maintaining a public website, by itself, is insufficient to establish general jurisdiction). Accordingly, this Court does not have general personal jurisdiction over Defendants.

   b.  **Defendants are not subject to this Court's specific personal jurisdiction.**

This Court also does not have specific personal jurisdiction over Defendants, which generally requires that "(1) the defendant…purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state"; (2) the plaintiff's injury stemmed from the "defendant's forum-related activities"; and (3) the exercise of personal jurisdiction "comport[s] with traditional notions of fair play and substantial justice." Felland v. Clifton, 682 F.3d 665, 674 (7th Cir. 2012); Guaranteed Rate, Inc. v. Conn, 264 F. Supp. 3d 909, 916 (N.D. Ill. 2017). Only after a court determines that a defendant has sufficient "minimum contacts" with the forum State will the Court look to whether subjecting the defendant to the court's personal jurisdiction nevertheless "offends traditional notions of fair play and substantial justice." N. Grain Mktg., LLC v. Greving, 743 F.3d 487, 496 (7th Cir. 2014), *citing*, Int'l Shoe, 326

U.S. at 316 (internal quotes omitted). There is no special jurisdictional test in the Seventh Circuit for internet-based cases like the instant case. *See*, Curry v. Rev. Labs., LLC, 949 F.3d 385, 398 (7th Cir. 2020). However, there is no specific jurisdiction where Defendant's contacts with the forum state are "entirely fortuitous." Adv. Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc., 751 F.3d 796, 802 (7th Cir. 2014), as corrected (May 12, 2014) (answering "no" to the question "has [defendant] purposefully exploited the [Indiana] market" beyond simply operating an interactive website accessible in the forum state and sending emails to people who may happen to live there?"); *See*, Rubik's Brand, Ltd. v. P'ships & Unincorporated Assocs. Identified on Schedule A, 2021 WL 825668 at *3 (N.D. Ill. Mar. 4, 2021) ("[D]isplaying products online that are shippable to Illinois amounts to nothing more than maintaining an interactive website that is accessible in Illinois.); *Cf.*, Illinois v. Hemi Group, 622 F.3d 754, 758 (7th Cir. 2010).

> *i. Defendants have not purposefully directed their allegedly-infringing activities to Illinois or purposefully availed themselves of the privilege of conducting business in Illinois.*

To establish specific personal jurisdiction, Plaintiff asserts that each Defendant set up and operates e-commerce storefronts accessible in Illinois and "have purposefully directed some portion of their illegal activities towards consumers in the State of Illinois through the advertisement, offer to sell, sale, and/or shipment of goods utilizing Plaintiff's federally registered Hollow Halloween Works in Illinois and Plaintiff's claims arise out of those activities." [Dkt. 7 at ¶ 3-4]. This representation to the Court is exaggerated, and Defendants never sold or shipped a single unit of the accused product to an Illinois resident or Illinois address or any USA address. Liao Decl. at ¶ 4, Exhibit A. Accordingly, Plaintiff's allegations fall far short of: (i) demonstrating that Defendants "availed itself of the privilege of conducting business in Illinois"; or (ii) how Defendants' online ecommerce storefronts are "purposefully directed" at Illinois. Here, Defendants' online e-commerce storefronts were accessible in Illinois, as well as everywhere else with an internet connection,

however, this fact alone is insufficient to satisfy the purposeful availment requirement and the Seventh Circuit has made clear that "[b]eyond simply operating an interactive website that is accessible from the forum state, a defendant must in some way *target* the forum state's market. If the defendant merely operates a website, even a 'highly interactive' website, that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution." be2 LLC v. Ivanov, 642 F.3d 555, 558-59 (7th Cir. 2011) (evidence that 20 Illinois residents had opened accounts on the defendant's interactive website inadequate to support personal jurisdiction); Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A., 623 F.3d 440, 446 (7th Cir. 2010) (plaintiff could not establish the defendant had sufficient contacts with Illinois "simply by showing that the defendant maintained a website accessible to residents of the forum state and alleging that the defendant caused harm through that website"); Sun Chenyan v. P'ships & Unincorporated Assocs. Identified on Schedule "A", 2021 WL 1812888 at *5 (N.D. Ill. May 6, 2021) (J. Kendall) ("Finding specific personal jurisdiction here would likely give rise to universal personal jurisdiction because users from across the country, except those from a handful of places, could purchase from the eBay Stores."); General Tools & Instruments LLC v. The P'Ships, et al., No. 20-cv-1036 Dkt. 167 p. 6 (N.D. Ill. May 17, 2021) (J. Alonso) (vacating default judgment, noting "Defendants put forth evidence that they never advertised or marketed products to Illinois customers and never shipped infringing products to Illinois.); Rubiks Brand (granting motion to dismiss for lack of personal jurisdiction, noting "That an Illinoisan might someday find Yoyoly's website and decide to purchase a counterfeit Rubik's product from the site simply does not suffice to vest the Court with personal jurisdiction over Yoyoly"); MSM Design & Eng'g LLC v. P'ships & Unincorporated Assocs. Identified in Schedule "A", 2021 WL 3187706, at *3 (N.D. Ill. July 28, 2021) (J. Kness); Conti-Bros, Inc. v. The P'Ships, et al., No. 21-cv-02352 Dkt. 51 (N.D. Ill. Aug. 13, 2021) (J. Feinerman); Ouyenic Ltd. v. ALUCKY et al., No.

20-cv-03490 Dkt. 134 (N.D. Ill. May 14, 2021) (J. Gettleman) (vacating default judgment and dismissing defendants whose single sale into Illinois was to Plaintiff's investigator). Following, this Court has noted that evidence of "simply populating a potential [Illinois] shipping address into a website" without an actual sale into the forum state is insufficient to establish personal jurisdiction since ruling otherwise would mean that "the Seventh Circuit's admonition that a district court should not exercise personal jurisdiction over a defendant simply because they own or operate an interactive website that is accessible in the forum *would have no teeth*." Shenzhen Dejiyun Network Tech. Co. Ltd. v. The P'ships et al., 21-cv-06607 Dkt. 143 (N.D. Ill. Feb. 2, 2024) (emphasis added); Rubik's Brand, 2021 WL 825668 at *3 ("Even accepting Rubik's premise that the screenshot shows that an order **could** be placed by an Illinoisan, displaying products online that are shippable to Illinois amounts to nothing more than maintaining an interactive website that is accessible in Illinois. That alone cannot confer personal jurisdiction.") (emphasis in original); Expeditee LLC v. Entities Listed on Exhibit 1, 2022 WL 1556381 at *4 (N.D. Ill. May 17, 2022) ("displaying products online that are shippable to Illinois amounts to nothing more than maintaining an interactive website that is accessible in Illinois" and is insufficient to confer jurisdiction) (internal citations omitted); Am. Bridal & Prom Indus. Ass'n, Inc. v. The P'ships & Unincorporated Associations Identified on Schedule A, 192 F. Supp. 3d 924, 934 (N.D. Ill. 2016) ("Plaintiffs cast an extremely wide net, naming 3,343 defendants who have no connection to this state, based upon the erroneous assumption that simply alleging the existence of purported counterfeiting via an interactive website is enough, by itself, to confer personal jurisdiction. It is not.")

In NBA Properties, the Seventh Circuit recognized that "specific personal jurisdiction is not established merely because the retailer's website is available in the forum," but rather "it is necessary that the retailer stand ready and willing to do business with residents of the forum *and then knowingly do business* with those residents." NBA Properties, Inc. v. HANWJH, 46 F.4th 614, 619 (7th Cir.

2022); Illinois v. Hemi Grp. LLC, 622 F.3d 754, 758 (7th Cir. 2010); MSM Design, 2021 WL 3187706 at *2 (N.D. Ill. July 28, 2021). The NBA Properties Court found that the defendant knowingly did business with Illinois residents because they "filled [an] order, *intentionally shipping an infringing product to the customer's designated Illinois address.*" Id. at 624 (emphasis added). Accordingly, the court found that the defendant "knew it could be subject to the jurisdiction of Illinois when it shipped a counterfeit product to the forum." Id. at 625. Here, unlike in NBA Properties, Defendants could not have foreseen that they would be haled into Illinois court, as Defendants did not "knowingly do business" with Illinois residents and never sold or shipped the accused product to Illinois. Liao Decl. at ¶ 4, Exhibit A. NBA Properties, 46 F.4th at 624 ("Here, unlike Matlin, we are faced with a situation where an infringing product was **shipped** to Illinois…The defendants in Matlin could not have foreseen that they would be haled into court in Illinois…[NBA Properties Defendant] knew it could be subject to the jurisdiction of Illinois when it shipped a counterfeit product to the forum.") (emphasis added); *Cf.*, Curry v. Revolution Lab'ys, LLC, 949 F.3d 385, 400 (7th Cir. 2020) (finding that Defendant's 767 sales of the infringing product to Illinois residents provided "solid evidence" that Defendant "purposely exploited the Illinois market" and noting that "[t]hese sales certainly distinguish [Defendant] from the defendant that merely operates a website … that is accessible from, but does not target, the forum state.").

Rubik's Brand is very analogous and instructive to the instant case. In Rubik's Brand, this Court determined in a mechanically-identical case that it did not have personal jurisdiction where the defendant averred it made no sale to Illinois residents and Plaintiff sole basis was a screenshot of not even a sale, but "at most…the possibility that a sale could be made in Illinois." 2021 WL 825668 at *4. The Rubik's Brand Court further distinguished the case from Hemi based on the Hemi defendant's 300 sales to Illinois and noted that "displaying products online that are shippable to Illinois" but "[making] no sales to Illinois residents" is insufficient to vest a court with personal

jurisdiction. Id. at *3-*4; TV Tokyo Corporation v. The Individuals et al., 23-cv-03091 Dkt. 76 (N.D. Ill. Oct. 5, 2023) (R. Pallmeyer) (granting motion to dismiss for lack of personal jurisdiction and distinguishing the case from Hemi and NBA Properties, because plaintiff "has not presented evidence that Defendant knowingly did business with Illinois residents" where defendant's only sale of the allegedly infringing product from their interactive website was to Louisiana, not Illinois); Shenzhen Dejiayun Network Tech. Co., Ltd., 21-cv-06607 Dkt. 143 (N.D. Ill. Feb. 2, 2024) (J. Daniel) (finding no personal jurisdiction over defendants who operated a Walmart storefront but made no sales of the allegedly infringing product into Illinois, and noting that "*something more than the ability to insert a shipping address on an online retail website is needed to establish personal jurisdiction.*") (emphasis added); Ubisoft Entm't et al. v. The Individuals et al. 23-cv-14536 Dkt. 88 (N.D. Ill. Feb 8, 2024) (E. Bucklo) (declining to find jurisdiction based on "a screenshot suggesting that accused products were available for purchase and shipment to Illinois" and granting motion to dismiss for lack of personal jurisdiction where Defendants submitted a declaration stating that they sold no accused products to Illinois); Shen Zhen Wo Nuo De Zhi Neng Ji Shu You Xian Gong Si v. The Partnerships et al., 22-cv-01203 Dkt. 117 (N.D. Ill. March 29, 2024) (F. Valderrama) (distinguishing case from NBA Properties and Curry and noting that "An online retailer's offer to sell without an actual sale related to the alleged unlawful activity does not support a finding of specific jurisdiction."); MSM Design & Eng'g LLC, 2021 WL 3187706 at *3 (finding no purposeful direction where Defendant operated a fully interactive WISH.com storefront and distinguishing the case from Hemi and Curry because defendant "never shipped any product to this forum."). Plaintiff cannot support the necessary contention that Defendants "directed" anything to Illinois, much less sufficient activity to warrant this Court's specific personal jurisdiction. be2 LLC, 642 F.3d at 559. Defendants did not sell or ship a single allegedly-infringing product to Illinois and the fact that an "Illinoisian might someday find [Defendants'] website[s] and decide to purchase a [product] from the site simply does not suffice to

vest the Court with personal jurisdiction over [Defendants]." Rubik's Brand, Ltd., 2021 WL 825668 at *4; Matlin, 921 F.3d at 707 (finding no personal jurisdiction where defendant's only sale of the relevant product to the forum occurred after the suit was filed and noting that "*we cannot allow plaintiffs to base jurisdiction on a contact that did not exist at the time they filed suit.*") (emphasis added); Mercis, B.V. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A Hereto, 2024 WL 5440025 at *4 (N.D. Ill. Nov. 18, 2024) ("The fact that an online retailer stood ready to ship a product to the forum state, as shown by screenshot evidence that an order had been placed, is not enough, if the order was never ultimately paid for and shipped."); Sun v. Partnerships & Unincorporated Associations Identified on Schedule A, 2025 WL 712591 at *3 (N.D. Ill. Mar. 5, 2025) ("[Plaintiff] has submitted a screenshot of [defendant]'s Walmart[.com] posting that seems to establish an Illinois consumer *could* place an order if he or she wanted. But this hypothetical falls short of establishing sufficient in-state contacts to confer jurisdiction."); *See also* NexLearn, LLC v. Allen Interactions, Inc., 859 F.3d 1371 (Fed. Cir. 2017) (noting that a webstore's "willingness to enter future transactions with out-of-state residents does not, without more, show purposeful availment of each *State in which it would, but has not yet*, provided or even offered a sale" and finding no personal jurisdiction where defendant operated an interactive storefront that offered shipped of the accused product to the forum state where "a [forum] resident *could* purchase" the accused product, because there was no evidence that such a sale to the forum had taken place) (emphasis added). With zero actual sales of the allegedly-infringing product to any residents of the state of Illinois, Plaintiff has failed to articulate how Defendants have purposefully availed themselves to the jurisdiction of the state of Illinois.

  *ii. Plaintiff's alleged injury does not arise out of Defendants' activities in Illinois.*

  Similarly, Plaintiff cannot show that any damage Plaintiff may have endured was derived from Defendants' acts in Illinois. A court's specific personal jurisdiction is evaluated by reference to

the particular conduct underlying the claims made in the lawsuit. N. Grain Mktg., 743 F.3d at 494, *citing*, Tamburo; *See*, Shrum v. Big Lots Stores, Inc., 2014 WL 6888446, at *4 (C.D. Ill. Dec. 8, 2014) (Only a defendant's contacts which "bear on the substantive legal dispute between the parties or relate to the operative facts of the case" are relevant, and none exist in the present case.). When analyzing specific personal jurisdiction, the "second element is crucial - and [a court] cannot simply aggregate all of a defendant's contacts with a state ... as evidence of the constitutionally-required minimum contacts." Matlin, 921 F.3d 701, 706 (7th Cir. 2019) (internal citations omitted). Rather, specific jurisdiction "must rest on the *litigation-specific* conduct of the defendant in the proposed forum state. The only sales that would be relevant are those that were related to [Defendant]'s allegedly unlawful activity." Advanced Tactical Ordnance Sys., 751 F.3d at 801; B.D. by & through Myer v. Samsung SDI Co., 91 F.4th 856, 863 (7th Cir. 2024) ([Plaintiff]'s contacts **selling batteries other than the [allegedly infringing] model to utilities in Indiana are unrelated to the alleged injury. These contacts do not arise out of or relate to the underlying suit. So, they cannot sustain specific personal jurisdiction**.") (emphasis added); Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 930 n. 6 (2011) ("even regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales."); Collectanea J. Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A, 2024 WL 4604532 at *5 (N.D. Ill. Oct. 29, 2024) (rejecting argument that court has personal jurisdiction over defendant e-commerce business where they only sold non-accused goods to Illinois, because defendant's minimum contacts must be "suit-related" and "sales of non-accused goods do not relate to the specific claims at issue."); Pit Viper, LLC v. Xi'an Jiaye Tengda Trading Co., 2024 WL 5039888 at *4 n.4 (N.D. Ill. Dec. 9, 2024) (rejecting argument that defendant's sales of other products from their e-commerce storefronts that were not alleged to have been infringing supports the exercise of personal jurisdiction). Here, Plaintiff's does not allege that any of its "injuries" are related to

Defendants' Illinois-specific actions and Defendants have not sold or shipped a single allegedly-infringing product into Illinois or this Judicial District or taken any action to specifically target sales to Illinois consumers. Liao Decl. at ¶ 3-4, Exhibit A. At most, Defendants operated online stores that were accessible from Illinois; however, this level of accessibility is no different than in any other forum where a resident has internet access and is insufficient to give rise to personal jurisdiction. Matlin 921 F.3d at 706 ("[H]aving an 'interactive website' should not open a defendant up to personal jurisdiction in every spot on the planet where that interactive website it accessible."). Without any infringing Illinois sale in the current case, Plaintiff does not, and cannot, allege that its "injuries" are the result of a purchase transaction whereby allegedly-infringing product might *possibly* have been sent to an address in Illinois. Rubik's Brand 2021 WL 825668 at *4. Again, it is not enough that some "Illinoisan might someday find [the defendant's] website and decide to purchase a counterfeit [] product" at some later date. Id. Accordingly, Plaintiff cannot show that any damage they may have endured was derived from the Defendants' acts in Illinois.

   *iii. This Court's exercise of personal jurisdiction over Defendants would not comport with fair play and substantial justice.*

Lastly, Plaintiff cannot show how subjecting Defendants to this Court's personal jurisdiction comports with fair play and substantial justice. In making this determination, the Court will consider: (i) the burden of a defendant of having to litigate in the forum; (ii) the interests of the forum; (iii) the plaintiff's interest in obtaining relief; (iv) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (v) the shared interest of the several states in furthering fundamental substantive social policies. Lexington Ins. Co. v. Zurich Ins. (Taiwan) Ltd., 2017 WL 6550480, at *7 (W.D. Wis. Dec. 21, 2017); Felland, 682 F.3d at 677 (7th Cir. 2012). This factored "analysis does not provide crisp, bright lines for district courts and litigants," but generally the relationship among the defendant, the forum, and the litigation should be close enough to not

offend due process. uBID, Inc. v. GoDaddy Grp., Inc., 623 F.3d 421, 433 (7th Cir. 2010). In the present case, Defendants would be significantly burdened with having to litigate the merits of the case in Chicago, Illinois, as Defendants are all based in China and conduct business in China, nearly 8,000 miles away. Liao Decl. at ¶ 3. Defendants have no offices, employees, or agents in Illinois, and Defendants would face considerable additional expenditures by having to remotely manage local counsel, conduct discovery including depositions[1], and proceed through trial. Id. Further, Illinois' interest in adjudicating the dispute tips against exercising personal jurisdiction, as Plaintiff's claims are based on federal copyright infringement violations. [Dkt. 7]. Litigating in this forum would not serve the interstate judicial system's interest in obtaining the most efficient resolution of the controversy as so little - if anything - happened here: evidence supporting Plaintiff's claims would theoretically come from individuals with no ties to Illinois and/or from records of a company located out of state. Art Akiane LLC v. Mardel, Inc., 2021 WL 3269837 (N.D. Ill. July 30, 2021) ("Where the only contacts between a forum and the defendant are contacts manufactured by the plaintiff, it cannot be said that the exercise of personal jurisdiction comport[s] with traditional notions of fair play and substantial justice.") (internal citations omitted). Defendants are all Chinese proprietors and the nations' shared interest is "best served by…an unwillingness to find the serious burdens on an alien defendant outweighed by minimal interests on the part of the plaintiff or the forum State." Asahi Metal Industry Co. v. Superior Court, 480 U.S. 102, 115 (1987).

On review, no factor tips in favor of exercising personal jurisdiction; rather, all factors tip against exercising personal jurisdiction, and thus this court exercising personal jurisdiction over Defendants

---

[1] "China has indicated that taking depositions, whether voluntary or compelled, and obtaining other evidence in China for use in foreign courts may, as a general matter, only be accomplished through requests to its Central Authority under the Hague Evidence Convention." U.S. Department of State - Bureau of Consular Affairs, available at https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/China.html; Declarations Notifications Reservations Articles: 4,16,23,33 People's Republic of China, available at https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=493&disp=resdn

would offend traditional notions of fair play and substantial justice. Lexington, 2017 WL 6550480, at *8; Felland, 682 F.3d at 677. Given this Court lacks personal jurisdiction over Defendants, the Amended Complaint should be dismissed against Defendants pursuant to Rule 12(b)(2).

### c. Rule 4(k)(2) does not work as an end-around to the jurisdictional analysis.

As an alternative basis for jurisdiction, Plaintiff alleges that jurisdiction is proper under Rule 4(k)(2) because "(i) defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws." [Dkt. 7 at ¶ 4]. Rule 4(k)(2) provides for personal jurisdiction through nationwide service of process over any defendant provided that: (1) the plaintiff's claims are based on federal law; (2) no state court could exercise jurisdiction over the defendants; (3) the exercise of jurisdiction is consistent with the laws of the United States; and (4) the exercise of jurisdiction is consistent with the Constitution. Cent. States, Southeast and Sw. Areas Pension Fund v. Reimer Express World Corp., 230 F.3d 934, 940 (7th Cir. 2000).

Here, the second is not satisfied for Defendants because they are subject to the personal jurisdiction of Arkansas and Washington. "A defendant who wants to preclude use of Rule 4(k)(2) has only to name some other state in which the suit could proceed." ISI Int'l, Inc. v. Borden Ladner Gervais LLP, 256 F.3d 548, 552 (7th Cir. 2001), *as amended* (July 2, 2001). Here, it is undisputed that Defendants sell the accused products through storefronts on Walmart.com or Amazon.com, thus Plaintiff's suit could have been brought in Arkansas, where Walmart is headquartered. or in Washington, where Amazon is headquartered. *See*, Kaiher Tecnology Co., Ltd. v. SCAN2CAD Inc., 2025 WL 2076666 at *3-4 (N.D. Ill. July 23, 2025) (ruling that the Court could not exercise personal jurisdiction over a defendant who submitted a design patent infringement complaint on Amazon against Plaintiff's product under Rule 4(k)(2) because the defendant's conduct at issue took place either in the state where they were located or Washington state, where Amazon was located).

Alternatively, if Arkansas or Washington cannot exercise personal jurisdiction over Defendants, then jurisdiction would still be improper under Rule 4(k)(2) because the third and fourth elements would not be satisfied. The third and fourth elements are only satisfied if the defendant had sufficient "minimum contacts" with the United States as a whole (rather than the forum state) to establish personal jurisdiction. Robert Bosch LLC v. Trico Prod. Corp., 2013 WL 11316920 at *1 (N.D. Ill. July 24, 2013). Here, Defendants made no sales of the accused product anywhere in the United States and merely operated online storefronts accessible in the United States, as well as anywhere else on the globe with internet access. Liao Decl. at ¶ 4, Exhibit A. This is not enough, in Illinois or elsewhere, to satisfy the minimum contacts analysis. *See, e.g.*, Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1158 (9th Cir. 2006) ("[W]e still require "something more" than just a foreseeable effect to conclude that personal jurisdiction is proper."); People Sols., Inc. v. People Sols., Inc., 2000 WL 1030619, at *3 (N.D. Tex. July 25, 2000) ("Personal jurisdiction should not be premised on the mere possibility, with nothing more, that Defendant may be able to do business with Texans over its web site."); Swarovski Optik N. Am. Ltd. v. Euro Optics, Inc., 2003 WL 22014581, at *7 (D.R.I. Aug. 25, 2003) (declining personal jurisdiction over defendant website operator where there was no evidence of actual sales or emails, noting "In the case at bar, the only contact is the availability of a commercially active web site."); Guidecraft, Inc. v. OJCommerce, LLC, 2019 WL 2373440, at *5 (W.D. Pa. May 20, 2019) (by listing the products on an e-commerce platform simply to "profit from the wide geographic reach of the internet," is not enough to subject them to personal jurisdiction in any state where the internet may reach."); GTE New Media Servs. Inc. v. BellSouth Corp., 199 F.3d 1343, 1349-50 (D.C. Cir. 2000) ("[P]ersonal jurisdiction surely cannot be based solely on the ability of District residents to access the defendants' websites"). Every Circuit will require "something more" from a defendants' website activity in order to satisfy the purposeful availment prong and subject a defendant to a court's personal jurisdiction. Accordingly,

for the same reasons Plaintiff failed to satisfy the minimal contacts analysis with Illinois, it would fail to satisfy minimum contacts analysis elsewhere in the U.S., and thus application of this Court's personal jurisdiction under Rule 4(k)(2) is prevented for Defendants. <u>Collectanea J. Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A</u>, 2024 WL 4604532 at *5 (N.D. Ill. Oct. 29, 2024) ("Without any evidence of sales of the Accused Products in the United States as to the remaining No Sale Defendants, then, Collectanea has not carried its burden to show that the Court can exercise jurisdiction over these defendants under Rule 4(k)(2)."); <u>Britax Child Safety, Inc. v. Nuna Int'l B.V.</u>, 321 F. Supp. 3d 546, 559 (E.D. Pa. 2018) (finding jurisdiction was improper under Rule 4(k)(2) where defendant merely operated a website but did "not sell the accused product in Pennsylvania or elsewhere in the United States")

### III. Conclusion

With the benefit of adversary briefing, this Court can see that Defendants are not subject to the personal jurisdiction of this Court. Accordingly, Defendants should be dismissed from this case pursuant to Rule 12(b)(2).

Dated this March 3, 2026

Respectfully Submitted,

/s/Adam E. Urbanczyk
Adam E. Urbanczyk
Brian M. Swift
AU LLC
444 W. Lake St. 17th Floor
Chicago, IL 60606
(312) 715-7312
adamu@au-llc.com
brians@au-llc.com
*Counsel for Defendants*