IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Yiwu Baimei Electronic Commerce Co., Ltd., a Chinese Limited Corporation,<br><br>　　　　Plaintiff,<br>v.<br><br>The Partnerships And Unincorporated Associations Identified on Schedule "A",<br><br>　　　　Defendants. | Case No. 1:25-cv-14961-JLA-JTG<br><br>**Honorable Judge Jorge L. Alonso**<br><br>**Magistrate Jeffrey T. Gilbert** |

### MOVING DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO EXTEND

Defendants BUZHI, ZHIZHOU, TINGSHANG, and TOP5EX (collectively, the "Moving Defendants"), through their attorneys Bayramoglu Law Offices, LLC, hereby opposes Plaintiff Yiwu Baimei Electronic Commerce Co., Ltd. ("Plaintiff")'s Motion for Extension of Time (Dkt. No. 64).

As an initial matter, Plaintiff's motion is untimely. Plaintiff did not file the motion as an ex parte motion and noticed the presentment of the motion for March 12, 2026 (Dkt. No. 65). However, Plaintiff acknowledges that the deadline to file their response to Moving Defendants' Motion to Dismiss as set by the Court is March 11, 2026. Plaintiff's election not to file as an ex parte motion, causing the presentment date (let alone the briefing schedule and decision) to be after the response deadline, is clearly an attempt at tactical procedural maneuvering rather than complying with the deadline as set by the Court.

Furthermore, no good cause for the extension exists. Plaintiff admits that the Temporary Restraining Order "TRO" expired on February 13, 2026 (Dkt. No. 64 at ¶ 2) and that the Motion for Preliminary Injunction is still pending before the Court (*Id*. at ¶ 3). Plaintiff also admits that

1

Plaintiff did not serve discovery requests on Moving Defendants until March 5, 2026 (*Id*. at ¶ 8). Plaintiff provides no explanation or excuse as to why Plaintiff sought expedited discovery within the TRO and then never attempted to serve any such discovery on Moving Defendants until nearly three weeks *after* the TRO expired (even following an extension of the TRO). Clearly the discovery was not important enough to try to immediately seek from Moving Defendants (either initially or after the extension of the TRO) and was only served after Moving Defendants proceeded with their motion to dismiss. The retaliatory nature of the discovery aside, Plaintiff also makes absolutely no showing whatsoever how any of the discovery requests would have any impact on their ability to adequately respond to the arguments raised in the motion to dismiss.

  Lastly, Plaintiff's attempt to claim that there is good cause as a result of settlement discussions is misplaced. Moving Defendants filed their Motion to Dismiss as negotiations had failed. While Moving Defendants understand the preference for settlement when possible, Moving Defendants have no intention of further settlement discussions until after their Motion to Dismiss can be decided. Plaintiff attempted to provide an offer for resolution, but that offer has already been denied. Plaintiff was informed of Moving Defendants' position regarding settlement prior to filing this extension request, making Plaintiff's assertion of "good cause" disingenuous at best.

  Plaintiff has not established good cause through any claimed pending discovery or through the disputed assertions of ongoing settlement discussions. The only purpose of the extension is to get more time to respond to Moving Defendants' Motion to Dismiss. Moving Defendants would be prejudiced by delaying the briefing and ultimate decision on the Motion to Dismiss. Plaintff's own lack of diligence is not good cause for the present extension.

  Another point of clarification that will be necessary to determine to avoid additional unnecessary motion practice is the timing of the discovery responses. The TRO had long since

2

MOVING DEFENDANTS' RESPONSE TO              Case No. 1:25-cv-14961-JLA-JTG
PLAINTIFF'S MOTION TO EXTEND

expired. Moving Defendants contend that the service of discovery long after the expiration of the TRO does not support the accelerated 10-day response deadline Plaintiff is attempting to assert. Moving Defendants should be entitled to the full thirty (30) days offered under Fed.R.Civ.P. 33(b)(2) and 34(b)(2)(A). Moving Defendants' counsel has attempted to discuss this matter with Plaintiff's counsel and have only received silence regarding this matter. Moving Defendants requests the Court offer a determination regarding the timeliness of the attempted propounding of discovery by Plaintiff and the deadline by which Moving Defendants would need to respond.

## CONCLUSION

Moving Defendants request the Court deny Plaintiff's Motion for Extension (Dkt. No. 64) in its entirety. To the extent that this motion is being decided after the deadline for Plaintiff to respond to Moving Defendants' Motion to Dismiss, and if no response has yet been filed, Moving Defendants request the Court deem Moving Defendants' Motion to Dismiss unopposed and any subsequent filing by Plaintiff relating thereto to be untimely.

DATED: March 9, 2026

Respectfully submitted,

*/s/ David Silver*
David Silver
**BAYRAMOGLU LAW OFFICES, LLC**
1540 West Warm Springs Road, Suite 100
Henderson, Nevada 89014
T: (702) 462-5973 | F: (702) 553-3404
david@bayramoglu-legal.com
*Attorneys for Moving Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of March, 2026, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

        */s/ David Silver*
        David Silver
        **BAYRAMOGLU LAW OFFICES, LLC**