**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| YIWU BAIMEI ELECTRONIC COMMERCE CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," <br><br> Defendants. | Case No.: 25-cv-14961 <br><br> **Judge Jorge L. Alonso** <br><br> **Magistrate Judge Jeffrey T. Gilbert** |

**PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AS TO
DEFENDANT NOS. 22, TINGSHANG AND 24, TOP5EX AND MOTION TO
STAY BRIEFING ON DEFENDANTS' MOTION TO DISMISS [DOC. 51]**

Plaintiff Yiwu Baimei Electronic Commerce Co., Ltd. ("Plaintiff"), by and through the undersigned counsel, hereby respectfully submits its Motion to Enforce Settlement as to Defendant Nos. 22, TINGSHANG and 24, TOP5EX and Motion to Stay Briefing on Defendants' Motion to Dismiss [Doc. 51]. In support thereof, Plaintiff submits the following:

**Relevant Background and Procedural History**

1.      On December 16, 2025, Plaintiff filed its Amended Complaint alleging violations of 17 U.S.C. § 101 et seq. (copyright infringement) against Defendant Nos. 22 and 24 (collectively, "Defendants"). [Doc. 7].

2.      On January 29, 2026, Defendants, through its counsel, Liu, Chen & Hoffman LLP, contacted Plaintiff via email regarding settlement. Declaration of William J. Hausman ("Hausman Dec.") at ¶7; *see* Exhibit 1.

3. On February 24, 2026, Defendants sent a settlement offer stating "Our client is willing to settle for $4000, thanks,." Exhibit 1. Plaintiff accepted this offer on February 27, 2026. *Id*.

4. On February 27, 2026, Defendants, through new counsel Bayramoglu Law, contacted Plaintiff regarding settlement. Hausman Dec. at ¶8; *see* Exhibit 2. The same day, Plaintiff notified Defendants of its acceptance of the February 24 offer. Exhibit 2. Defendants then attempted to withdraw the offer.

5. On March 4, 2026, Defendants appeared in the case. [Doc. 49]. The same day, Defendants filed their Motion to Dismiss. [Doc. 51].

6. Plaintiff now respectfully requests that the Court enforce the settlement agreement reached between the Parties and stay briefing on Defendants' Motion to Dismiss until the Court has ruled on the instant Motion.

## Argument

I. **Plaintiff and Defendants Reached a Settlement Agreement that the Court has the Power to Enforce**

Plaintiff and Defendants have reached a settlement agreement that the Court has the power to enforce. A district court has "the inherent or equitable power summarily to enforce an agreement to settle a case pending before it." *Wilson v. Wilson*, 46 F.3d 660, 664 (7th Cir. 1995); *see also Voso v. Ewton*, No. 16-CV-190, 2017 WL 365610, at *2 (N.D. Ill. Jan. 25, 2017) (internal citation omitted) "It is well settled that 'a settlement agreement or stipulation voluntarily entered into cannot be repudiated by either party and will be summarily enforced by the Court.'" *Watson v. City of Chicago*, Case No. 15-cv-11559, 2021 WL 12101124 (N.D. Ill. June 21, 2021) (quoting *Wilson*, 46 F.3d at 667). State law governs the enforcement of a settlement in a federal case. *Dillard v. Starcon Intern., Inc.*, 483 F.3d 502, 506-07 (7th Cir. 2007).

Under Illinois law, settlement agreements are enforceable contracts where there is an offer, acceptance, and a meeting of the minds as to the agreed upon terms. *Watson*, 2021 WL 12101124 at *2 (citing *Lewis v. School Dist. #70*, 648 F.3d 484, 486 (7th Cir. 2011)). Additionally, the material terms must be "sufficiently definite and certain for a reviewing court to ascertain the parties' agreement. *Id*. (internal quotations omitted); *also LifeWorks Tech. Group LLC v. First Delta Group, Inc.*, Case No. 18-cv-2996, 2019 WL 4345362 at *2 (N.D. Ill. Sept. 12, 2019); *Desimone v. Danaher Corp.*, Case No. 17-cv-5232, 2018 WL 4181483 at *4 (N.D. Ill. Aug. 31, 2018). Illinois courts do not look to the "subjective mental processes" of a party when reviewing written communications, but rather Illinois courts *objectively* review the written communications of the parties to determine if there was a "meeting of the minds," and therefore a valid settlement. *Beverly v. Abbott Labs.*, 817 F.3d 328, 333 (7th Cir. 2016); *see also LifeWorks*, 2019 WL 4345362 at *2; *Allscripts Healthcare, LLC v. Etransmedia Tech., Inc.*, 448 F. Supp. 3d 898, 905 (N.D. Ill. 2019); *Desimone*, 2018 WL 4181483 at *4. Furthermore, e-mail exchanges can evidence binding settlement agreements. *See Seko Worldwide*, *LLC v. Four Soft Ltd.*, 503 F. Supp. 2d 1059, 1060-61 (N.D. Ill. 2007) (holding email communications wherein the parties agreed on a dollar amount to settle the claim evidenced an enforceable settlement).

Here, Defendants made a definite offer, which Plaintiff accepted. On February 24, 2026, Defendants extended an offer, via email, of $4,000 to settle Plaintiff's claims against Defendants. Exhibit 1. The material terms of the offer here are clear: $4,000 to settle the claims against Defendants. Furthermore, on February 27, 2026, Plaintiff accepted the offer without modifying any of the terms in Defendants' offer. *Id*. These straightforward email communications support a finding that the communications amounted to an agreement that was "sufficiently definite with

respect to all material terms," and that the Court could determine from said communications as to what the parties agreed to. *LifeWorks*, Case No. 18-cv-2996, 2019 WL 4345362 at *2.

Moreover, the fact that the Parties have not yet executed a written settlement agreement is irrelevant. Courts have held that a settlement agreement is enforceable even if the parties contemplated later reducing the agreement to writing. *Seko Worldwide, LLC*, 503 F. Supp. 2d at 1061; *see also Leibowitz v. Trebels*, Case No. 12-cv-01536, 2012 WL 5559554 at *4 (N.D. Ill. Nov. 14, 2012) ("[e]ven where the parties contemplate the execution of a written release or stipulation, this writing need not be a condition precedent to a valid settlement agreement.") (internal citation omitted); *Pohl v. United Airlines, Inc.*, 213 F.3d 336, 337 (7th Cir. 2000) ("Some litigants in pursuing settlement of their claims hold the belief that they can change their mind at any time before they actually sign the agreement… .[T]hat perception is often unfounded in the law."); *Allscripts Healthcare, LLC v. Etransmedia Tech., Inc.*, 448 F. Supp. 3d 898, 904 (N.D. Ill. 2019) ("The mere fact that a formal written document is anticipated does not preclude enforcement of a specific preliminary promise."). Therefore, even though the Parties have not yet executed a written settlement agreement, the agreement reached is still a valid and enforceable settlement agreement, as there was an offer from Defendant, which Plaintiff accepted, and there was a meeting of the minds as to the material terms of the agreement.  As such, the Court should find that there was an enforceable settlement agreement between the Parties and enforce the agreement as to Defendants.

## II.     The Court Should Stay Briefing on Defendants' Motion to Dismiss and the Court has Entered a Ruling on the Instant Motion

Federal courts have the inherent power to stay proceedings to prevent the court or litigants from wasting time, effort, or resources. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). When deciding whether to stay a case, "courts consider the merits of the moving party's case,

whether the moving party will suffer irreparable harm without a stay, whether a stay will injure other parties interested in the proceeding, and the public interest." *Venckiene v. United States*, 929 F.3d 843, 853 (7th Cir. 2019) (citing *Nken v. Holder*, 556 U.S. 418, 428 (2009); *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). "The standard calls for equitable balancing." *Id.*; *see Quarles v. Pret A Manger (USA) Ltd.*, Case No. 1:20-cv-7179, 2021 WL 1614518 at *1 (N.D. Ill. Apr. 26, 2021) (Shah, J.).

Here, a stay in proceedings is in the interest of both efficiency for the litigants and judicial efficiency. If the instant Motion is granted, Plaintiff's claims against Defendants will be disposed of, and Defendants' pending Motion to Dismiss and Plaintiff's pending Motion for Preliminary Injunction will be moot as to Defendants. *Tap Pharmaceutical Products, Inc. v. Atrix Labs., Inc.*, Case No. 03-cv-7822, 2004 WL 422697 at *3 (N.D. Ill, Mar. 3, 2004) (granting motion to stay in part because "[t]here is a significant chance that the PTO will either invalidate this patent or drastically decrease its scope… [creating] a very real possibility that the parties will waste their resources litigating over issues that will ultimately be rendered moot by the PTO's findings.") Furthermore, in light of Plaintiff's contemporaneously filing its Motion for Jurisdictional Discovery, if the instant Motion is granted the Parties will not be burdened with discovery expenses should the Motion for Jurisdictional Discovery be granted. Additionally, in granting and extending Plaintiff's Motion for Temporary Restraining Order, the Court has already determined that Plaintiff is likely to win on the merits of the case. [Doc. 18, 21]. A stay in proceedings is also in the public interest, as enforcement of settlement agreements is in the interest of public policy. *Miksis v. Evanston Township High School District # 202*, 235 F. Supp. 3d 960, 987 (N.D. Ill. 2017) (citing *Peske v. Donahue*, 2006 WL 1049969 (N.D. Ill. Feb. 9, 2006); *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1372 (6th Cir. 1976) ("Public policy strongly favors settlement of disputes

without litigation… By such agreements are the burdens of trial spared to the parties, to other litigants waiting their turn before over-burdened courts, and to the citizens whose taxes support the latter."); *Johnson v. Hermanson*, 221 Ill. App. 3d 582, 582 N.E.2d 265, 267 (1991) ("Public policy in Illinois favors settlements and dictates that, absent fraud or duress, settlements once made should be final."). As such, the balancing of these factors weighs in favor of staying briefing on Defendants' Motion to Dismiss until the Court has ruled on the instant motion.

## **Prayer for Relief**

In light of the foregoing, Plaintiff respectfully requests that the Court enter an Order:

1) Finding that the Parties have reached an enforceable settlement agreement, and compelling Defendants to execute the written settlement agreements memorializing the agreement;

2) In the alternative, entering judgment against Defendants consistent with their agreement;

3) Granting Plaintiff's Motion to Stay Briefing on Defendants' Motion to Dismiss;

4) Awarding Plaintiff its reasonable costs and attorney fees incurred in prosecuting the instant motion; and

5) Granting any other relief that the Court deems proper and just.

Respectfully submitted on this 18th of March, 2026.

*/s/ William J. Hausman*
Bar No. 6353083
Ford Banister LLC
305 Broadway – Floor 7
New York, NY 10007
Telephone: 212-500-3268
Email: whausman@fordbanister.com
*Counsel for Plaintiff*